### Edgar T. Paul v. Lafayette Conwell.

1. WITNESSES—*Competency, How Shown.*—If a party doubts the competency of a witness to testify concerning matters in controversy he may, by cross-examination, show his incompetency, or insist before his evidence is given, that his competency to speak upon the matter be shown.

**Memorandum.**—Assumpsit for services, etc. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed December 21, 1893.

The statement of facts is contained in the opinion of the court.

EASTMAN & SCHUMACHER, attorneys for appellant.

PEASE & McEWEN, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action brought in the court below by appellee to recover for certain services claimed by him to have been rendered to appellant.

A plea of the general issue and one of set-off were filed, and appellant also sought to recoup the damage he claimed that he had sustained by reason of the improper way in which, as he insisted, appellee had performed the work for which he sought to recover compensation.

Complaint is made that the court below allowed witnesses for the plaintiff to testify as to who, in their opinion, was superintendent of certain buildings erected by appellant.

We do not so regard the testimony.

The witnesses testified that a certain person was the superintendent at a certain time; this is said to have been the giving of a mere opinion.

The evidence amounted to no more than that the person named, acted as the superintendent. Why a witness who saw a person superintending might not so testify, or if he witnessed the transaction, give evidence that a certain person acted as a carpenter, or was a carpenter, we fail to see.

If appellant doubted the competency of the witnesses to determine whether a man was acting as a superintendent, he might, by cross-examination, have shown his incompetency, or insisted, before his evidence was given, that his competency to speak upon so simple a matter be shown.

The witnesses Hanson and Bagley, testified, as experts, as to the usual compensation paid for the services of architects and superintendents; there was no error in refusing to allow them to testify what the value of plaintiff's services would have been if he was incompetent or improperly discharged his duties.

The letter of May 12, 1890, introduced in evidence by plaintiff, was of little consequence, and its production can not have done appellant any harm. We do not think that appellee should have been permitted to testify that he never guaranteed that the houses would not cost more than the estimate, because there was no evidence that he made such guarantee; but we do not sit to reverse judgments for inconsequential errors.

There is a slight confusion of words in one of the instruc-
tions, as modified by the court, but nothing which we think
can in any way have misled the jury.

Upon the whole, the case was fairly tried; a different ver-
dict might properly have been reached, but we find in this
record no error warranting a reversal of the judgment ren-
dered, and it is affirmed.